UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTY SIMS,

    Plaintiff,

v.                                              Case No. 07-12646

RANDALL REWERTS, JOSEPH        HONORABLE AVERN COHN
BARRETT, and DAVID BARLOW,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

I. Introduction

This is a prisoner civil rights case under 42 U.S.C § 1983. Plaintiff alleges that defendants retaliated against him for exercising his rights under the United States Constitution. The matter was referred to a magistrate judge for all pretrial proceedings and before whom defendants filed a Second Motion for Summary Judgment.[1] The magistrate judge issued a report and recommendation (MJRR) recommending that the motion be denied. Before the Court are defendants' objections to the MJRR, to which plaintiff has responded. For the reasons that follow, the MJRR will be adopted and defendants' motion will be denied.

---

[1] Defendants filed a prior motion for summary judgment before the close of discovery. The magistrate judge recommended that the motion be denied. Defendants did not object. The Court adopted the magistrate judge's recommendation.

II.  Background

The MJRR accurately sets forth facts.  Briefly, in January 2007, while incarcerated at the G. Robert Cotton Correctional Facility ("JCF"),[2] was enrolled in Assaultive Offender Program ("AOP").  Sims was transferred to JCF for the purpose of entering the AOP, as the parole board had requested at plaintiff's last review.  Because he was a participant in the AOP, plaintiff should have had a medical hold on his file prohibiting his transfer.  On March 2, 2007, plaintiff filed a grievance regarding persistent problems with his legal mail.  On the grievance documents, Rewerts is named as the respondent; Barlow is named as the reviewer.  On March 9, 2007, Rewerts came to plaintiff's cell block to interview prisoners about their grievances.  Plaintiff says he spoke with Rewerts; Rewerts said he did not interview plaintiff.  On March 9, 2007, Barlow prepared a security classification screen on plaintiff as part of the transfer process.  Barrett approved the screen and transfer.  On March 12, 2007, plaintiff was transferred to the Chippewa Correctional Facility.  As a result of the transfer, plaintiff lost his prison job and his therapy program was interrupted.  Plaintiff was returned to JCF on March 19, 2007.

III.  Objections

The portions of the MJRR defendants find objectionable are reviewed de novo.  See 28 U.S.C. § 636(b)(1)(C).  Defendants raise five objections.  Each is discussed in turn below.

Defendants object to the magistrate judge's finding that Barlow knew plaintiff was

---

[2]Plaintiff was paroled in January of 2008.

enrolled in the AOP in January of 2007, three months before his transfer. Defendants argue that Barlow's knowledge in January is irrelevant to whether he knew in March of 2007 because it was not Barlow's job to check for such enrollment. Defendants also argue that Barlow completed a Security Classification Screen after plaintiff was selected for transfer and therefore Barlow was not involved in the transfer. These arguments miss the point. The issue is not whether Barlow was obligated to check for AOP enrollment, but whether he knew of plaintiff's enrollment and still took part in the transfer. Moreover, the completion of the Security Classification Screen has nothing to do with who selects the prisoner for transfer. Thus, if Barlow did select plaintiff for transfer, the fact that Barlow later filled out the necessary paperwork has nothing to do with whether plaintiff was improperly transferred.

Defendants next object to the magistrate judge's finding that there is a genuine issue of material fact as to whether Barlow was personally involved in the transfer. In support, defendants rely on Barlow's deposition testimony where he denies involvement. However, Barlow previously responded to an interrogatory stating he "believe[d]" he initiated the transfer. This inconsistency, together with evidence suggesting that the transfer was initiated by JCF, which is discussed in the MJRR at p. 17-18 and plaintiff's response to defendants' objections at p. 3-4, demonstrates a triable issue as to Barlow's involvement in plaintiff's transfer. This objection is therefore overruled.

In defendants' third and fourth objections, they argue that the magistrate judge erred in finding that the record contained evidence showing that plaintiff's transfer was "irregular and improper." The magistrate judge relied in part on a statement from unit

officer Cross to plaintiff that Rewerts had told Cross he hoped plaintiff had thermal underwear.  Defendants say that this statement is hearsay.  As explained in plaintiff's response, this statement, even if hearsay, is admissible under several theories.  Moreover, there was evidence that Barlow knew of plaintiff's placement in the AOP and therefore, his transfer should not have occurred.  Both transfer coordinators at JCF and Chippewa testified that it would have been unusual for them to have initiated the transfer.  See MJRR at p. 17-18.  The Court agrees that this evidence raises a genuine issue of material fact as to the propriety of plaintiff's transfer and defendants' involvement.

In defendants' final objection, they argue that plaintiff has not suffered an adverse action because he only lost his job temporarily and eventually completed the AOP and was paroled.  The magistrate judge found that although a prison transfer alone may not be an adverse action, plaintiff's transfer had "aggravating factors" with it including the loss of his job and suspension of his AOP, the latter of which jeopardized his eligibility for parole.  A reasonable trier of fact could conclude that these factors constitute an adverse action as they might have deterred a person of ordinary firmness from exercising his rights.  What happened after the transfer is not relevant to whether the transfer itself was an adverse action.

## IV.  Conclusion

For the reasons stated above, defendants' objections are OVERRULED.  The MJRR is ADOPTED.  Defendants' Second Motion for Summary Judgment is DENIED.

In sum, the case will go to trial against the following defendants:

| Defendant | Alleged Conduct/Role |
|---|---|
| Randall Rewerts | Alleged to have argued with plaintiff during an interview about his grievance over problems with legal mail and took steps to have plaintiff transferred. |
| Joseph Barrett | Approved plaintiff's transfer. |
| David Barlow | Screened plaintiff for transfer (Security Classification Screen) as part of transfer process. |

SO ORDERED.

     s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2009, by electronic and/or ordinary mail.

     s/ Julie Owens
Case Manager, (313) 234-5160